IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MIKE GUERRA,

    Plaintiff,

    v.                                                                         No. CIV 15-0450 MCA/WPL

D. CECIL, HSA, DR. TRUJILLO,
M. PAQUIN PA, CORIZON,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, certain of Plaintiff's claims will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

    The complaint alleges that Plaintiff suffers from chronic migraine headaches and

degenerative disc disease.  In late 2014 "this facility NENMDF," allegedly without medical justification, ceased administering certain narcotic pain medications.  Plaintiff asserts that the medication had prevented his migraines, in addition to providing pain relief, and his dosage had been increased in 2008.   Plaintiff contends that the arbitrary denial of these medications violates his rights under the Eighth Amendment and the Americans With Disabilities Act, and constitutes negligence under state law.   For relief, the complaint seeks equitable relief and damages.

The complaint names three individuals and one entity as Defendants.   Plaintiff makes no allegations against named Defendant D. Cecil affirmatively linking him to the asserted violations.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).   To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by a defendant in the constitutional violation.   *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).   "[T]o present a plausible right to relief . . . . , it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*."   *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (internal citations omitted).   The Court will dismiss Plaintiff's claims against Defendant Cecil.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendant Cecil are DISMISSED; and the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint and this Order, for Defendants Trujillo and Paquin at the Northeast New Mexico Detention Facility, and for Defendant Corizon c/o CT Corporation System, 123 East Marcy, Santa Fe, NM  87501.

_____
UNITED STATES DISTRICT JUDGE